UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Lenis B.,

Petitioner,

v.

Eric Tollefson, Sheriff of Kandiyohi County Jail; David Easterwood, Immigration and Customs Enforcement Field Office Director; Sirce E. Owen, Director Executive Office for Immigration Review (EOIR); Markwayne Mullin, Secretary, U.S. Department of Homeland Security; David Venturella, Acting Director of Immigration and Customs Enforcement; Todd Blanche, Attorney General; and U.S. Department of Justice, in their official capacities,

Respondents.

Civ. No. 26-3959 (PAM/DTS)

**MEMORANDUM AND ORDER**

Petitioner Lenis B. is currently detained as proceedings go forward to determine whether he should be removed from the United States. Petitioner has filed a petition for a writ of habeas corpus challenging the legality of that ongoing detention on due process grounds. (Pet. (Docket No. 1).)

After reviewing the habeas petition, the accompanying documents submitted by Petitioner, the Government's response, and the evidence submitted by the Government along with that response, the Court concludes that Petitioner is not entitled to habeas corpus relief. Because Petitioner is an "applicant for admission" subject to detention under 8

U.S.C. § 1225(b)(2), his detention during the pendency of the ongoing removal proceedings is mandatory. See Avila v. Bondi, 170 F.4th 1128, 1132-38 (8th Cir. 2026). The Court has previously rejected the argument—and continues to reject the argument—that detainees subject to detention under § 1225(b)(2) have a constitutional due process entitlement to relief from that detention in the form of a bond hearing. See, e.g., Edgar T. v. Blanche, Civ. No. 26-3181 (PAM/DJF), 2026 WL 2224821, at *1 (D. Minn. Aug. 3, 2026). Petitioner's argument that his detention is not in the public interest and that government officials have acted arbitrarily and capriciously in continuing that detention is thwarted by the text of the statute, which mandates detention and does not leave room for determinations regarding the appropriateness of release while removal proceedings remain ongoing against the detainee.

Finally, Petitioner argues that continued detention will exacerbate several medical conditions that require ongoing treatment. Again, however, § 1225(b)(2) is absolute in mandating detention in circumstances like that of Petitioner. To the extent that Petitioner believes that he has not been afforded adequate medical care while in detention (an allegation that Petitioner stops short of making), claims relating solely to the conditions of a detainee's confinement cannot be raised through a habeas petition. See Spencer v. Haynes, 774 F.3d 467, 469 (8th Cir. 2014).

Therefore, the habeas petition filed in this matter is denied and this matter dismissed.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that**:

1. The petition for a writ of habeas corpus of Petitioner Lenis B. (Docket No. 1) is **DENIED**; and

2. This action is **DISMISSED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated: October 8, 2026

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge